DUNN v. MESERVE.

The pledgee of a note payable to order and not endorsed, bringing an action upon it in the name of the payee, cannot recover of the maker, who, after it was pledged, paid it to the payee in good faith and without notice of the pledgee's claim.

Assumpsit on a note, dated Oct. 31, 1872, and payable to the plaintiff or order, on demand.   Facts agreed.   Jan. 6, 1873, the plaintiff delivered the note to the City Bank, as collateral security for a note given by the plaintiff to the bank for money then loaned to him by the bank.   The note of the defendant has not been endorsed : but in the note of the plaintiff was this stipulation :—" I hereby deposit with said bank, as collateral security, with authority to sell the same on the non-payment of this promise, or any other liability, and apply the proceeds to the payment thereof, note of " the defendant.   Subsequently, the defendant, living in Dover, and supposing the plaintiff continued to hold his note, paid it by checks sent to the plaintiff, who lived in Manchester.   This suit is brought by the bank, still holding the note, and being the plaintiff in interest.

*Morrison, Hiland & Rowell,* for the plaintiff in interest, cited *Wheeler* v. *Guild,* 20 Pick. 545, 553.

*J. G. Hall,* for the defendant, cited *Greene* v. *Hatch,* 12 Mass. 195 ; *Mowry* v. *Todd,* 12 Mass. 281 ; *Jones* v. *Witter,* 13 Mass. 304 ; *Dunn* v. *Snell,* 15 Mass. 481 ; *Eastman* v. *Wright,* 6 Pick. 316, 322 ; *L. N. Bank* v. *Taylor,* 100 Mass. 18 ; *Davenport* v. *Woodbridge,* 8 Greenl. 17 ; *Thompson* v. *Emery,* 27 N. H. 269 ; *Clark* v. *Whitaker,* 50 N. H. 474; 1 Parsons on Notes 278 ; 2 id. 45, 46.

DOE, C. J. The note not being endorsed, the suit was brought in the name of the payee. The plaintiff and the bank did not avail themselves of the negotiability of the note ; and the bank acquired no greater right than it would have had if the note had not been negotiable. Whatever may be the construction of the written stipulation, it had not more legal effect against the defendant than an assignment of a non-negotiable chose in action. And the bank shows no ground for an exception to the general rule, that a plaintiff in interest has no better case than the plaintiff of record. The defendant, having paid the payee in good faith, and without notice of the pledgee's claim, cannot be compelled to pay the note again.

*Judgment for the defendant.*

STANLEY, BINGHAM, and ALLEN, JJ., did not sit.